# AMERICAN PIONEER LIFE INSURANCE COMPANY, et al. v. BOORDE, etc., et al.

## Case No. 84-1200

Second Judicial Circuit, Leon County

May 8, 1985

### APPEARANCES OF COUNSEL

**Martin B. Unger** for plaintiff.

**John Sewell** for defendant.

**John Sanders** for defendant.

**Richard A. Patterson,** Assistant General Counsel, Department of Health and Rehabilitative Services, for defendant.

### OPINION OF THE COURT

CHARLES E. MINER, JR., Circuit Judge.

Plaintiffs here seek to have stricken from the public records of the State of Florida, Department of Health and Rehabilitative Services, Office of Vital Statistics, a death certificate accepted for filing and recorded in the official records of that agency based upon a death allegedly occurring over international waters where no body was ever found.

They assert that the Office of Vital Statistics only has the authority to accept for filing and recordation a certificate of death where the death occurs within this State, or where a dead body is first removed in this State from a moving conveyance. Secs. 382.081 and 382.19, F.S. Defendant, Oliver Boorde, Director of the Office of Vital Statistics, argues that authority to accept for filing and recordation of certificates of death based upon a death occurring over international waters outside this State is found in Sec. 382.20, F.S.

The facts giving rise to this controversy are summarized, as follows:

On June 16, 1983, the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Probate Division, Honorable W. Rogers Turner, presiding, entered an order of presumption of death pursuant to a petition filed before that court by one Faye Driggers. On that same day, Judge Turner also signed a certificate of death concerning one Orville Lewis Criss. On or about November 30, 1983, the Office of Vital Statistics accepted, filed and recorded the certificate of death.

The alleged decedent, Orville Lewis Criss, purportedly died on or about March 7, 1980, when a light aircraft in which he was allegedly a passenger disappeared into the Caribbean Sea over international waters close to the north coast of Jamaica. Mr. Criss' body has never been recovered despite an extensive search by the United States Coast Guard and friends and associates of Mr. Criss.

Plaintiffs here had no notice of and were not parties to the probate proceeding which produced the death certificate in question. Each, however, wrote policies of insurance on the life of Orville Criss and have declined to pay off on those policies notwithstanding that they were presented with a copy of Judge Turner's Order on Presumption of Death and the death certificate described above by Faye Criss Driggers, the beneficiary of said policies. In their complaint, plaintiffs allege that not only is Mr. Criss not deceased but also that he is a fugitive from justice and was seen and pursued by a deputy sheriff in Orange County, Florida after his supposed death.

Mrs. Driggers has filed suit in Orange County on the two insurance policies. That matter is scheduled for trial at a short day. It is because Sec. 381.20, F.S. provides in pertinent part that a death certificate, properly filed and recorded, shall constitute prima facie proof of the matters asserted therein that this litigation seeking to strike that death certificate from the public records of this State was instituted.

Not wishing to be placed in a position of second guessing Judge

**31**

Turner who did not have the benefit of the revelations contained in the suit papers filed in this litigation and being determined not to interject itself in the pending Orange County case between Mrs. Driggers and plaintiff insurance companies, this Court agreed only to address the issue of whether the State of Florida, Department of Health and Rehabilitative Services, Office of Vital Statistics, may legally cause a death certificate to be registered and filed when the purported death occurs in international waters and no body or other proof of death is located. Subsequent to a hearing on all pending motions this Court directed a briefing schedule which schedule has been complied with. Consideration of the memoranda submitted, a careful reading of Chapter 382, F.S. and a review of the pleadings filed in this litigation, including the deposition of Oliver Boorde, persuade the Court that there is at present no statutory authorization for the Office of Vital Statistics to accept for filing and to record a death certificate based upon a death occurring outside the state over international waters where no body or other evidence of death is found. An *in para materia* reading of the statute involved suggests that Mr. Boorde's reliance on Sec. 382.20, F.S. is misplaced. That section appears to the Court to be but a continuation of the previous section which clearly speaks to deaths occurring within Florida. Without citing any law in point Mr. Boorde urges this Court to give its imprimatur to an "internal policy" of receiving for filing such certificates of death as the one that is the subject of the litigation. That other such certificates have been accepted for filing and recording in other cases pursuant to this internal policy, however, does not address the legal issue raised here. One suspects that plaintiffs herein are not overly concerned with the physical act of accepting for filing and recordation of a death certificate. Their concern derives from the evidentiary use to which the recorded death certificate may be put pursuant to Sec. 382.20, F.S. This Court has no thought to interject itself into pending litigation between Ms. Driggers and the plaintiffs involving the proceeds of the litigation insurance policy referred to above. Nothing in this Order should be construed as expressing any view or opinion about whether or not Orville Criss died on or about March 7 in a plane crash over international waters. What is admissible and what is not in the pending Orange County litigation is for the presiding judge to determine. This Court simply holds that there is at present no statutory authorization for the Office of Vital Statistics to accept for filing and to record in the public records of the state a death certificate based on a death occurring outside this State over international waters where no body is ever found.

Accordingly, it is ORDERED and ADJUDGED that the death

certificate in question should be and the same is hereby stricken and declared to be of no legal force and effect.